**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Suzanne Beveridge, | No. CV-08-2003-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| CRS Cambridge Court Housing Corp., Eugene Krizek, | |
| Defendants. | |

On March 24, 2009 the Court held a hearing on Plaintiff's Motions for Default Judgment (Dkt. ## 16 and 17), to determine whether the Court has subject matter jurisdiction and personal jurisdiction over the claim and the defendants. And, if so, to calculate the amount of damages appropriate to award on default.

At the hearing Plaintiff indicated that she was a resident in defendants' facilities from April 20, 2007 through October 2007. She stated that during that period she was subject to grossly substandard housing conditions, including roof leaks from sewage pipes in her ceiling that caused seepage in her bathroom, kitchen, closets and hallways, and carpets soaked with sewage. She noted that the walls were soaked with sewage, producing mold spores, etc., which ruined her health. She requested but received no repairs. She further indicated that though she continuously paid her rent of $470.00 a month, CRS Cambridge Court Housing Corp. ("CRS") refused to accept her rent and in retaliation had her evicted from her tenancy through a forcible detainer action filed in justice court. Plaintiff defended the forcible detainer action on the basis that CRS breached its lease and was breaching applicable state

1    law pertaining to the implied covenant of habitability.

2         The justice court apparently granted relief to CRS and removed Plaintiff from her

3    apartment.  Plaintiff attempted to file an appeal of the FED but was not successful.  She

4    subsequently raised complaints with either a state or local fair housing authority.  She now

5    brings this action "in the hope of obtaining a reversal of the prior judgment."  She also asserts

6    claims for intentional infliction of emotional distress and a claim for discrimination against

7    a person under the Federal Disability Act.  She seeks a default judgment in the amount of

8    $50,000.00 against CRS and Eugene L. Krizek its Chief Executive Office.

9         In light of the fact that a justice of the peace in a FED action only decides who has the

10   right to possession, Plaintiff may have a remaining breach of contract action against CRS that

11   survives and is independent from the FED action brought by CRS against Plaintiff. Plaintiff

12   apparently tried to appeal.  Nevertheless, assuming that Plaintiff does have a remaining

13   breach of contract action against CRS, she has not established that she has a basis for federal

14   court jurisdiction here either in diversity against CRS, nor is there a federal question

15   jurisdiction in the complaint that she has brought.  Plaintiff offers no evidence to suggest that

16   this Court has any personal jurisdiction over Mr. Krizek as she indicates that she has never

17   seen him and states she sued him only because he was the CEO of CRS.  Even though CRS

18   does business in Arizona, Plaintiff has not sought to recover in the amount of at least

19   $75,000.00 against CRS asking for a default judgment of only $50,000.00.  Thus, there

20   appears to be no issue for diversity.  28 U.S.C. § 1332(a)(1) (2006).  This would be

21   immaterial if Plaintiff could otherwise establish a basis under federal law for her complaint.

22   However, the Americans with Disabilities Act does not apply to private rental facilities and

23   Plaintiff makes no claim that her housing is otherwise a place of public accommodation.  *See*

24   *Indep. Hous. Servs. Of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344

25   (N.D. Cal. 1993).  Of course, to the extent that Plaintiff seeks to obtain the reversal of the

26   prior judgment of the state court, this Court has no jurisdiction with which to do so.

27        Thus, this Court is without jurisdiction to proceed further in the matter.  Plaintiff will

28   have to pursue any remedy which she may have remaining against CRS in the state court

1   system.  Therefore,

2       **IT IS HEREBY ORDERED** dismissing this action and directing the Clerk of the

3   Court to terminate this matter.

4       DATED this 25th day of March, 2009.

5

6   _____

7                  G. Murray Snow
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28